[991 NYS2d 144]

In the Matter of STEVEN E. SAVAGE (Admitted as STEVEN EVER-
ETT SAVAGE), an Attorney, Respondent. GRIEVANCE COMMIT-
TEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL
DISTRICTS, Petitioner.

Second Department, August 27, 2014

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Susan Korenberg* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By order of the Supreme Court of New Jersey, dated April 16, 2013 (213 NJ 378, 63 A3d 221), the respondent was temporarily suspended from the practice of law in that State, effective immediately and until further order of that court. By further order of the Supreme Court of New Jersey, dated October 22, 2013 (216 NJ 406, 82 A3d 925), the respondent was suspended from the practice of law in that State for a period of three months, upon a finding that he violated New Jersey Rules of Professional Conduct rules 1.15 (d) (recordkeeping violations) and 8.1 (b) (failure to cooperate with disciplinary authorities). The order dated October 22, 2013 was based upon a decision of the Disciplinary Review Board of the Supreme Court of New Jersey (hereinafter DRB), dated July 24, 2013, which recommended the imposition of a censure based upon the respondent's default in answering two separate complaints of professional misconduct. The underlying facts, as set forth in the DRB's decision, are as follows:

The respondent was admitted to the New Jersey bar in 2003. At the relevant time, he maintained a law office in Newark, New Jersey. On or about December 7, 2012, the Office of Attorney Ethics (hereinafter OAE) served the respondent with a three-count complaint (No. 13-039), alleging violations of New Jersey Rules of Professional Conduct rule 1.15 (d) and New Jersey Rules of Court rule 1:21-6 (recordkeeping violations), as well as New Jersey Rules of Professional Conduct rule 8.1 (b) (failure to cooperate with disciplinary authorities).

By letter dated July 9, 2012, TD Bank notified the OAE that there was an overdraft in the respondent's attorney trust account. On July 5, 2012, the respondent's transfer of $80 from his trust account to his business account created an overdraft because he had a zero balance in his trust account. The bank then charged an overdraft fee of $35, which resulted in a negative balance of $115 in the trust account ($80 plus $35).

By letter dated July 17, 2012, sent to the respondent's Newark office, the OAE requested that he provide, within 10 busi-

ness days, a written explanation for the overdraft and copies of his banking records. The respondent did not reply. On August 9, 2012, the OAE faxed a letter to the respondent, informing him that because he had not replied to its earlier letter, it was treating the overdraft as "a misappropriation." The OAE demanded that the respondent provide a written explanation and bank records by August 13, 2012. Again, the respondent did not reply.

Thereafter, by letter dated August 31, 2012, sent by regular and certified mail to both the respondent's home and office addresses, the OAE notified him that, because of his failure to comply with its requests, it was treating the matter as a "full-fledged ethics investigation." The OAE gave the respondent 10 days to provide a written explanation for the overdraft and his trust and business account records. It also warned the respondent that his continued failure to cooperate would subject him to the filing of a formal ethics complaint charging him with a violation of New Jersey Rules of Professional Conduct rule 8.1 (b). The letter sent by regular mail was not returned. The certified letter was returned unclaimed. The respondent did not reply.

On October 10, 2012, the OAE left messages for the respondent at two telephone numbers. He did not respond.

By letters dated October 19, 2012, sent by regular and certified mail to the respondent's home address, the OAE scheduled a demand audit/interview at its offices for November 8, 2012. The certified mail was returned unclaimed. The regular mail was not returned. The respondent neither appeared nor notified the OAE that he would not appear at its offices.

The OAE obtained the respondent's records from TD Bank. The records showed that Carol Savage was a signatory on the respondent's attorney trust account, despite the fact that she is not admitted to practice law in New Jersey. Carol Savage's signature appeared on a July 27, 2012 transfer, in the sum of $2,000, from the respondent's trust account to his business account.

In addition to the foregoing, the District Ethics Committee (hereinafter DEC) filed a two-count complaint (No. 13-019), charging the respondent with having violated New Jersey Rules of Professional Conduct rules 1.1 (a) (gross neglect) and (b) (pattern of neglect), 1.3 (lack of diligence) and 8.1 (b) (failure to reply to a lawful demand for information). The DEC complaint arose from a grievance filed by a client of the respondent, Daniel Furesz. Mr. Furesz, who was detained at the Petersburg Medium

Security Federal Correctional Institution in Petersburg, Virginia, retained the respondent to represent him in connection with three separate indictable matters venued in Bergen County. Thereafter, when Mr. Furesz was indicted on federal charges, the respondent agreed to represent him on those as well. The respondent charged Mr. Furesz $25,000 for all of the matters. Presumably, as payment toward the retainer, the respondent received a $10,000 bail assignment in connection with one of the Bergen County matters; three payments of $250 each; and, in lieu of the remaining $12,000, two vehicles. Mr. Furesz alleged that the respondent did not adequately communicate with him, visited infrequently, and often did not reply to telephone messages or letters. According to Mr. Furesz, the respondent "inaccurately" informed him that one of the Bergen County matters had been dismissed, when it actually had been remanded to a municipal court. Mr. Furesz further alleged that the respondent did not provide him with discovery materials in the federal matter for 18 months, and that the materials were, in any event, incomplete. Also, although Mr. Furesz had provided the respondent with original documents to use in his defense, they either were not presented to the court, or were not returned to Mr. Furesz, despite his requests. Mr. Furesz also questioned the effectiveness of the respondent's representation, claiming that the respondent had failed to make important arguments in the federal matter, and had failed to file a motion. Mr. Furesz asserted that the respondent and "other individuals" bullied him into accepting a plea agreement in the federal matter.

On or about November 28, 2011, the DEC investigator sent the respondent a request for information regarding the Furesz grievance. The respondent submitted a reply dated December 19, 2011, but did not attach any documentation. Thereafter, by letters dated March 7 and April 10, 2012, the DEC investigator requested a copy of the respondent's file. However, the respondent did not reply. On May 17, 2012, the DEC investigator sent a final letter to the respondent, warning him that his failure to submit the requested materials, within 10 days, could result in the filing of a complaint against him. The letter was sent by regular and certified mail to the respondent's home and office addresses. Although a certified mail receipt reflected delivery to the respondent's office address, he did not reply.

The DRB determined that the respondent's failure to answer either of the foregoing complaints served as an admission of the

allegations therein, and provided a sufficient basis for the imposition of discipline. The DRB further determined that the allegations in the first complaint supported a finding that the respondent violated New Jersey Rules of Professional Conduct rules 1.15 (d) (recordkeeping violations) and 8.1 (b) (failure to cooperate with disciplinary authorities). However, with regard to the second complaint, the allegations only supported a finding that the respondent violated rule 8.1 (b). Under the circumstances, including the respondent's lack of any prior disciplinary history, the DRB recommended the imposition of a censure.

Nevertheless, by order dated October 22, 2013, the Supreme Court of New Jersey noted that the respondent additionally failed to comply with an order to show cause why he should not be disbarred or otherwise disciplined, a basis for enhanced discipline. Accordingly, the court departed from the DRB's recommendation, and suspended the respondent from the practice of law for a period of three months.

On or about May 1, 2014, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a notice pursuant to 22 NYCRR 691.3, via certified mail, return receipt requested. More than 20 days have elapsed since service of the notice, and the respondent has neither filed a verified statement setting forth any of the defenses to the imposition of reciprocal discipline enumerated in section 691.3 (c), nor requested additional time in which to do so. Accordingly, there is no impediment to the imposition of reciprocal discipline.

Currently, the respondent is delinquent in his obligation to file biennial registration statements and/or pay biennial registration fees to the New York State Office of Court Administration for one registration period.

Under the totality of the circumstances, the Grievance Committee's application is granted, the respondent is suspended from the practice of law in New York for a period of six months, and any future reinstatement in New York is conditioned upon the respondent's reinstatement in New Jersey, and his bringing his attorney registration current in New York.

ENG, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline pursuant to 22 NYCRR 691.3 is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Steven E. Savage, admitted as Ste-

ven Everett Savage, is suspended from the practice of law in New York for a period of six months, and continuing until further order of the Court; and it is further,

Ordered that the respondent, Steven E. Savage, admitted as Steven Everett Savage, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Steven E. Savage, admitted as Steven Everett Savage, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Steven E. Savage, admitted as Steven Everett Savage, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).